UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

JAMES D. LUEDTKE,

    Petitioner,

v.

RICHARD IVES, *Warden*,

    Respondent.

No. 7:11-CV-00080-HRW

**MEMORANDUM OPINION AND ORDER**

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

James D. Luedtke, confined in the United States Penitentiary-Big Sandy ("USP-Big Sandy") located in Inez, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 2].[1] He has also filed a motion seeking the appointment of counsel, [D.E. No. 3], a motion seeking an Order, [D. E. No. 7], and a motion amend his § 2241 petition, [D. E. No. 12].

As Luedtke has paid the $5.00 filing fee, the Court screens his petition pursuant to 28 U.S.C. § 2243. At the screening phase, the Court must dismiss any petition that "is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citations omitted).[2]

---

[1] D. Berkebile is no longer the Warden of USP-McCreary. The new Warden of USP-McCreary is Richard Ives. The Clerk will be instructed to note the substitution of party.

[2] The Court holds *pro se* pleadings to less stringent standards than those drafted by attorneys.

Because Luedtke has not demonstrated that his remedy in the federal court where he was sentenced was inadequate and ineffective to challenge his federal conviction and sentence, or that he is actually innocent of the federal offenses of which he was convicted, his § 2241 petition will be denied, all pending motions will be denied, and this proceeding will be dismissed.

## CONVICTION AND PRIOR COLLATERAL CHALLENGES

In 2003, a federal jury in Wisconsin found Luedtke guilty of armed bank robbery, use of a firearm in a crime of violence, felon in possession of a firearm, and aiding and abetting the making of false statements to obtain a firearm relating to the armed robbery of the Premier Community Bank in Iola, Wisconsin on December 13, 2002.[3] *See United States v. Luedtke*, No. 03-CR-37 (E.D. Wis.) ("the Trial Court"). On January 16, 2004, the Trial Court sentenced Luedtke to a prison term of 444 months (37 years) and ordered him to pay restitution of $12,377. On appeal, Luedtke argued that the Trial Court erred in denying his motion to suppress evidence obtained as a result of a search of the apartment in which he was staying. The United States Court of Appeals rejected that claim and affirmed the conviction in an unpublished order. *United States v. Luedtke*, 125 F. App'x 732 (7th Cir. 2005). The

---

*Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the Court accepts as true a *pro se* litigant's allegations and liberally construes them in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

[3] Specifically, Luedtke was charged with violating the following federal statutes: 18 U.S.C. §§ 2113(a) and (d), 924(c), 922(g)(1) and 926(a)(6) and (2).

2

Seventh Circuit held that because Jason Hillestad, the lessor of the searched apartment, had actual authority to consent to a search of the entire apartment, including a bedroom which Luedtke had occupied, no basis existed for suppressing and the evidence seized from the apartment. [*Id.*, at 736].[4]

On May 2, 2005, Luedtke filed a 28 U.S.C. § 2255 motion in the Trial Court to vacate his sentence. *Luedtke v. United States*, No. 05-C-0489 (E. D. Wis.). Luedtke again challenged the search of the apartment where he was living prior to his arrest. During that search, the police found money stolen from the bank that had been robbed, pieces of the disguise worn by the perpetrator, and guns.

In his § 2255 motion, Luedtke argued that: (1) he was denied a fair trial because he was unable to call necessary witnesses, (2) the jury was improperly informed he was on parole at the time of the search, (3) the government was allowed to call a witness not previously disclosed, (4) witnesses were allowed to maintain confidentiality concerning their current addresses, (5) irrelevant evidence was admitted, (6) the trial judge was biased, (7) the police tampered with and/or planted evidence, (8) he was denied his right to the effective

---

[4]
    Luedtke had moved the Trial Court to suppress the evidence seized from the apartment he shared with Jason Hillestad, arguing that the initial warrant-less search by parole and probation agents was illegal because he (Luedtke) was no longer on parole, and that the warrant obtained later was thus tainted and invalid. A Magistrate Judge disagreed, declined the request for an evidentiary hearing, and recommended that the Trial Court deny the motion to suppress.
    At the conclusion of the hearing, the Trial Court denied Luedtke's suppression motion, finding that because Luedtke was on parole at the time of the search, no search warrant was required. Further, the Trial Court determined that because Hillestad, the lessee, gave the authorities valid consent for the search, the warrant which the police obtained was therefore valid.

3

assistance of counsel both at trial and on appeal, (9) the jury included no minorities and was prejudiced against him (even though Luedtke is white), (10) he was denied his right to a speedy trial, (11) the discovery provided was censored and inadequate, (12) he was sentenced under a faulty sentencing scheme, and (13) the United States Court of Appeals for the Seventh Circuit was biased and denied him due process in affirming his conviction.

On May 23, 2005, the Trial Court denied Luedtke's § 2255 motion, summarily dismissing of all of his claims challenging the entry and search of the apartment in which the guns were found. The Trial Court stated that:

> The plain fact is that Luedtke has already fully litigated his Fourth Amendment claim on appeal. He cannot simply continue to raise it after it has been clearly rejected. *United States v. Taglia*, 922 F.2d 413, 418 (7th Cir. 1991). The Seventh Circuit thoroughly discussed and rejected Luedtke's claim that the evidence seized from the apartment should have been suppressed. Having found that the initial consent by Hillestad was valid, the Seventh Circuit had no need to address the question of whether Luedtke was still on parole at the time of the search. It is simply not relevant, given the finding of consent for the entry.
>
> . . .
> Luedtke's Fourth Amendment claim. . . has been decided and fully reviewed. Luedtke is not entitled to further review now."

*Luedtke*, 2005 WL 1229686 at *3.

The Trial Court further determined that Luedtke's conclusory allegations of police

4

misconduct, witness unavailability, and bias and prejudice of the Trial Court, jury, and the Court of Appeals, failed to state claims upon which § 2255 relief could be granted. The Trial Court stated as follows:

> His claim of ineffective assistance of appellate counsel lacks any specificity, as does his claim that the identification procedure was unduly suggestive. I note that the question of identification was never raised in the trial court and thus would be considered waived. And the fact that he was on parole at the time of the search was admitted into evidence only after and because Luedtke had opened the door to that evidence by repeatedly suggesting the police had failed to follow proper procedure in conducting their initial search, despite the fact that it was parole agents, not police who conducted the initial search. In light of the overwhelming evidence against him, it would provide no basis for relief in any event.

*Id.*, at *4.[5]

Luedtke appealed. The Seventh Circuit construed the appeal as a motion for a certificate of appealability and denied the motion, finding no substantial showing of the denial of a constitutional right under 28 U.S.C. § 2253(c)(2). *Luedtke v. United States*, No. 05-2905 (7th Cir. March 10, 2006).

Later that year, the Trial Court denied Luedtke's motion to vacate the restitution portion of his criminal judgment. *Luedtke v. United States v. Luedtke*, No. 03-CR-37, 2006 WL 2988470 (E.D. Wis., October 16, 2006). The Trial Court determined that Luedtke failed to challenge the restitution order in his direct appeal; that relief under § 2255 is not available

---

[5] On June 28, 2005, the Trial Court denied Luedtke a certificate of appealability.

to challenge a restitution order imposed as part of a criminal sentence; and that the record fully supported the restitution portion of the judgment. [*Id.*, at *1].

## CLAIMS ASSERTED IN THE § 2241 PETITION

Luedtke challenges his conviction on fifteen (15) grounds: (1) the Trial Court and Seventh Circuit Court of Appeals denied him due process of law by summarily denying his § 2255 motion and appeal, respectively; (2) he was denied a parole revocation hearing; (3) police violated his Fourth Amendment rights by ignoring the "knock and announce" procedure required by 18 U.S.C. § 3109; (4) the police engaged in misconduct and violated his Fourth Amendment rights by performing an "unlawful exploratory" search of his residence without a warrant, and obtained a warrant after only they found items of "possible evidence;" (5) the police fabricated a confession from him; (6) the police illegally searched and seized a 1994 Chevy truck that was not listed on the search warrant; (7) the evidence used to convict him was insufficient because Jason Hillestad, the owner of the searched premises, is a "psychopath;" (8) minorities were excluded from the jury; (9) minorities were excluded from the grand jury; (10) the prosecutor engaged in various forms of misconduct, *i.e.*, allowing witnesses to give false testimony, submitting inadmissible evidence, providing him with censored discovery documents, and misleading the court and jury; (11) the Trial Court committed various errors, *i.e.*, allowing the jury to be told he was on state parole at the time of the offense when he was not; admitting improper and inflammatory into evidence; allowing Jason Hillestad's criminal history to be concealed from the jury; and denying him

6

(Luedtke) the right to call certain police witnesses at trial; (12) he was provided ineffective assistance of counsel at trial; (13) his *pro se* representation of himself was ineffective because (a) he lacked the resources (*i.e.*, law library, writing instruments, and tables on which to write) necessary to properly defend himself, and (b) his decision to represent himself was not knowing, intelligent, or voluntary; (14) he received ineffective assistance of counsel on appeal; and (15) all of the proceedings in which he has been involved were fundamentally unfair; he was unlawfully convicted; his appeals were summarily dismissed, and he is actually innocent of the crimes of which he was convicted. [D.E. No. 2, pp. 2-12].

Luedtke has also filed a motion seeking the appointment of counsel, arguing that he is unable to adequately represent himself in this action. [D. E. No. 3].

## DISCUSSION

### 1. 28 U.S.C. § 2255 Remedy Was Not Inadequate or Ineffective

Luedtke is not entitled to relief under § 2241 because he fails to show that his remedy in the Trial Court under 28 U.S.C. § 2255 was inadequate or ineffective to challenge the legality of his detention. Section 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). It is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United*

7

*States*, No. 4:10-cv-00036, 2010 WL at 3283018 at * 6 (E.D. Tenn., August 17, 2010) (citing *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)).

This rule has one exception: the "savings clause" of § 2255 permits relief under § 2241 if § 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447 (quoting *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)); *see* 28 U.S.C. § 2255(e). A federal prisoner may not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." *See* 28 U.S.C. § 2255(e). He must prove that his § 2255 remedy is inadequate or ineffective to challenge the legality of his detention. *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003). Relief under § 2241 is available only to the rare habeas petitioner who can show that his § 2255 remedy was truly "inadequate and ineffective." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

Luedtke cannot make this showing. Luedtke asserts numerous arguments which he unsuccessfully raised both in his direct appeal and in his § 2255 motion, *i.e.*, Fourth Amendment claims challenging the circumstances of his arrest and the search of the premises he leased from Jason Hillestad (Claim No. 4); Fifth Amendment due process claims challenging both the fairness of Trial Court's rulings regarding witnesses and evidence and the appeal process; the denial of his § 2255 motion and the Seventh Circuit's summary denial of his appeal of that motion (Claim Nos. 1, 7,8,9, 10, 11, and 15), and Sixth Amendment

claims challenging the effectiveness of both his trial and appellate counsel, (Claim Nos. 12 and 15).

Luedtke now raises five other constitutional claims which he does not appear to have specifically raised in his § 2255 motion. These claims are that he was denied a parole revocation hearing in violation of the Fifth Amendment, (Claim No. 2);[6] that the police violated his Fourth Amendment rights by ignoring the "knock and announce" procedure required by 18 U.S.C. § 3109, (Claim No. 3), by fabricating a confession from him, (Claim No. 5), and by illegally searching and seizing a 1994 Chevy truck not listed on the search warrant, (Claim No. 6); and that his *pro se* representation of himself was involuntary and violated the Sixth Amendment because the Trial Court knew, or should have known, that he was incompetent to represent himself and that he lacked the legal resources to defend himself, (Claim No. 13).

Luedtke either knew, or should have known, about these Fourth, Fifth, and Sixth Amendment claims/alleged deficiencies when he filed his direct appeal of his conviction, and/or when he filed his §2255 motion in the Trial Court on May 2, 2005. None of these constitutional claims involve new facts of which Luedtke would have been unaware either when he appealed his conviction to the Seventh Circuit or when he filed his § 2255 motion

---

[6] As noted, in denying Luedtke's § 2255 motion, the Trial Court noted the Seventh Circuit's opinion that Jason Hillestad gave authorities valid consent to search Luedtke's room, and concluded that it was unnecessary to consider whether Luedtke was still on parole at the time of the search. *See Luedtke*, 2005 WL 1229686 at *3.

in the Trial Court. Simply put, these alleged errors occurred "at or prior to sentencing." *Eaves*, 2010 WL at 3283018 at * 6.

A federal prisoner may not invoke the savings clause of § 2255, and thereby obtain relief under § 2241, where he failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or asserted that claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Section § 2255 is not inadequate just because a petitioner has already exhausted his direct appeal and § 2255 options. *Graham v. Sanders*, 77 F. App'x 799, 801 (6th Cir. 2003). The fact that Luedtke was denied relief under § 2255, and that the Seventh Circuit denied him a certificate of appealability, did not render his § 2255 remedy inadequate or ineffective to challenge his detention. *Charles*, 180 F.3d at 756. Thus, none of Luedtke's claims, old or new, implicate either the savings clause of § 2255 or the provisions of § 2241.

## 2. No Showing of Actual Innocence

The only other circumstance under which § 2241 can be invoked through the savings clause of § 2255 arises when the movant alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003). Actual innocence requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 623-24; *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001). The movant

must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Luedtke does not allege that after he was convicted, new facts or evidence surfaced suggesting that he is actually innocent of the bank robbery, firearm, and related offenses, of which he was convicted. In his § 2241 petition, Luedtke continues to assert claims of legal insufficiency, *i.e.*, Fourth, Fifth, And Sixth Amendment claims challenging the search of his leased premises, the rulings made at trial and on appeal, and the effectiveness of his trial and appellate counsel, but as noted, these are claims which he either unsuccessfully raised, or could have raised, on direct appeal and in his § 2255 motion.

Luedtke also fails to show that after his conviction became final, the Supreme Court rendered a retroactively applicable decision determining that the conduct of which he convicted (possession of crack cocaine) was no longer criminal. *See Bousley*, 523 U.S. at 620; *Enigwe v. Bezy*, 92 F. App'x 315, 317 (6th Cir. 2004) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocense in order to obtain the benefit of the savings clause."); *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002) (same). As Luedtke makes no such claim, he does not assert a claim of actual innocence. *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003).

Luedtke's § 2255 remedy was not inadequate or ineffective to challenge his conviction, and he has not shown that he is actually innocent of the federal bank robbery,

firearm, and related offenses of which he was convicted. Because the savings clause of § 2255 does not apply, Luedtke's § 2241 petition will be denied.

### 3. Motion to Amend § 2241 Petition

On November 14, 2011, Luedtke filed a motion seeking permission to amend his § 2241 petition to assert, on his and other inmates' behalf, Eighth Amendment claims alleging overcrowding at USP-McCreary. [D. E. No. 12]. The motion will be denied because Luedtke can not challenge the conditions of his confinement in § 2241 habeas petition. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004).

Such claims can only be asserted claims in a civil rights action filed under 28 U.S.C. § 1331, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the filing fee for which is $350.00, even if the prisoner qualifies for pauper status. Prior to filing a *Bivens* action asserting any conditions of confinement claims, Luedtke must fully complete the Bureau of Prisons' three-step administrative remedy process set forth in 28 C.F.R. §§ 542.10-19.

Further, in the event Luedtke files a *Bivens* action alleging overcrowding at USP-Big Sandy, he may assert such a claim only on his own behalf, not on behalf of other prisoners. *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989). Constitutional claims are personal and cannot be asserted vicariously by a third party. *County Court of Ulster County v. Allen*, 442 U.S. 140, 154-55 (1979). Luedtke "lacks standing to assert the constitutional rights of other

prisoners." [*Id.*]. *Pro se* prisoners generally may not bring class action lawsuits concerning prison conditions. *Dean v. Blanchard*, 865 F.2d 257, 1988 WL 130851, at *1 (6th Cir. 1988) (Table) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)). Because Luedtke's § 2241 petition and his motion to amend will be denied, his motion to appoint counsel and his motion seeking an Order will also be denied, as moot.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)  James D. Luedtke's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, [D. E. No. 2], is **DENIED**;

(2)  Luedtke's "Motion to Amend/Correct Petition," [D. E. No. 12], is **DENIED**;

(3)  Luedtke's "Motion for Appointment of Counsel," [D. E. No. 3], and his Motion for Order," [D. E. No. 7], are **DENIED** as **MOOT**;

(4)  This action is **DISMISSED**, *sua sponte*, with prejudice; and

(5)  Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of David Berkebile, Warden of USP-Big Sandy.

This the 3rd day of January, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge